Willis Wagner (SBN 310900)
Sean A. Newland (SBN 300928)
Rocco Pallin (SBN 360385)
GREENBERG TRAURIG, LLP
400 Capitol Mall, Suite 2400
Sacramento, CA 95814
Will.Wagner@gtlaw.com
Sean.Newland@gtlaw.com
Rocco.Pallin@gtlaw.com

Attorneys for Defendant
BEVMO! INC.

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
9/18/2026 5:39:34 PM

Clerk of the Superior Court
By C. Preston ,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

CHRISTINA QUINN, an Individual on behalf of herself and all others similarly situated and the general public,

Plaintiffs,

v.

BEVMO! INC., a Corporation with its Headquarters in the State of California, and DOES 1-100, inclusive,

Defendants.

CASE NO. 25CU057641C

ASSIGNED FOR ALL PURPOSES TO
Judge Judy S. Bae, Dept. 62

**DEFENDANT BEVMO! INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF CHRISTINA QUINN'S FIRST AMENDED COMPLAINT**

Complaint filed: October 24, 2025
FAC filed: December 3, 2025

Defendant BEVMO! INC. ("Defendant") answers the First Amended Complaint ("FAC") of Plaintiff CHRISTINA QUINN ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30(d), and other applicable laws, Defendant generally denies the allegations of the FAC, specifically denies each and every paragraph of the FAC, and further denies that Plaintiff is entitled to relief of any kind.

**AFFIRMATIVE DEFENSES**

Defendant sets forth below its affirmative defenses to each and every cause of action and allegation in the FAC as though each is pleaded as a separate and distinct affirmative defense. By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action, where such burden properly belongs to Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The FAC fails to state claims on which relief may be granted for a number of reasons, including but not limited to: (1) the representations made on the labels and packaging, including any "recyclable" or "chasing arrows" representations and any California Redemption Value designations, of products at issue in the FAC (the "Products") were and are accurate; (2) the FAC fails to allege facts sufficient to support a conclusion that the labels and packaging of the Products are false, deceptive, misleading, fraudulent, unlawful, or unfair, or violate any federal, state, or local laws or regulations; (3) the FAC fails to allege facts sufficient to support a conclusion that the labeling and packaging at issue in the FAC did not accurately portray the characteristics, uses, benefits, standard, quality, and grade of the Products; (4) the FAC fails to allege facts sufficient to support a conclusion that a reasonable consumer would be or was deceived by the representations at issue; (5) the FAC fails to allege that Plaintiff actually and reasonably relied on the representations made on the labels and packaging; (6) the FAC fails to allege any violation of Business and Professions Code section 17580.5; and (7) the FAC fails to allege facts sufficient to support a conclusion that Plaintiff suffered any damages as a result of any act or omission on the part of Defendant.

/ / /

**SECOND AFFIRMATIVE DEFENSE**

**(Preemption)**

To the extent that Plaintiff's claims are premised on environmental marketing or "recyclable" representations, those claims are expressly and/or impliedly preempted, in whole or in part, by federal law, including but not limited to the Federal Trade Commission's Guides for the Use of Environmental Marketing Claims, 16 C.F.R. Part 260.

**THIRD AFFIRMATIVE DEFENSE**

**(Primary Jurisdiction Doctrine)**

Each of the causes of action alleged in the FAC is barred, in whole or in part, by the primary jurisdiction doctrine because adjudication of Plaintiff's claims requires the resolution of issues that lie within the specific expertise of the California Department of Resources Recycling and Recovery ("CalRecycle"), including the determination of whether the Products and packaging at issue are "recyclable" under California Public Resources Code section 42355.51. As Plaintiff acknowledges, CalRecycle has not completed its statutory determinations regarding the recyclability of covered material, and those determinations are entrusted to CalRecycle in the first instance.

**FOURTH AFFIRMATIVE DEFENSE**

**(Safe Harbor Defense/Compliance with Laws)**

Plaintiff's claims are barred by common law or statutory safe harbors including, but not limited to, California's common law safe harbor doctrine, because Defendant's alleged actions, at all relevant times and places, were in compliance with applicable law, and because any Products sold by Defendant (including the packaging or labeling of such Products) complied with all applicable governmental laws and regulations at the time of sale. In particular, the requirements of the Truth in Recycling Act (Senate Bill ("SB") 343), codified at California Public Resources Code section 42355.51, apply only to products and packaging manufactured after October 4, 2026, and therefore do not apply to any Product or packaging at issue in this action. *See* Cal. Pub. Res. Code § 42355.51(b)(2)(A). Any attempt to apply SB 343 to conduct predating its operative date is an impermissible application of the statute. Further, any "unlawful" claims Plaintiff brings in reliance on Business and Professions Code section 17580.5(a) are barred because claims under that section are subject to SB 343's safe harbor.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unconstitutional)**

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the Constitution of the United States and/or by the free speech provisions of the California Constitution. Further, Plaintiff's claims are unconstitutionally vague under the Fourteenth Amendment to the U.S. Constitution.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

Each of the causes of action alleged in the FAC is barred to the extent that Plaintiff seeks relief based on alleged acts or omissions by Defendant, or by the Products purchased by Plaintiff, outside the applicable limitations periods.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

Each of the causes of action alleged in the FAC is barred, in whole or in part, by the equitable doctrines of laches, estoppel, and/or unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Each of the causes of action alleged in the FAC is barred, in whole or in part, by the doctrine of waiver.

**NINTH AFFIRMATIVE DEFENSE**

**(Not Material)**

Plaintiff is precluded from recovery because the representations, actions, or omissions alleged by Plaintiff were not and are not material to Plaintiff's decision to purchase the Products.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Plead Fraud with Particularity)**

To the extent the FAC alleges causes of action sounding in fraud, deception, and/or misrepresentation, those claims are barred by Plaintiff's failure to allege the circumstances constituting the alleged fraud, deception, and/or misrepresentation with particularity.

/ / /

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Basis for Restitution)**

There is no basis for restitution, including because Defendant has not been unjustly enriched.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Voluntary Payment Doctrine)**

Each of the causes of action alleged in the FAC is barred by the voluntary payment doctrine to the extent Plaintiff voluntarily purchased the Products, and/or voluntarily paid any California Redemption Value, knowingly and intelligently and without mistake of fact.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

The monetary relief sought by Plaintiff is barred to the extent that she failed to make reasonable efforts to prevent or mitigate any alleged injury or loss.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Proximate Cause)**

Defendant is not liable to Plaintiff, in whole or in part, because the losses that Plaintiff allegedly suffered were not proximately caused by any act or omission of Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Consumer Protection Laws Unduly Vague)**

Any finding of compensatory liability under the consumer protection laws of California would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and of any analogous provision contained in the California Constitution, because the standards of liability under these consumer protection laws are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Action Improper for Class Treatment)**

This action may not be maintained as a class action because it does not satisfy the requirements of California Code of Civil Procedure section 382, including because individualized questions of exposure, reliance, materiality, causation, injury, and entitlement to and calculation of restitution

predominate over any purported common questions, and because the putative class is not ascertainable, Plaintiff's claims are not typical, and Plaintiff is not an adequate representative. In addition, class-wide injunctive relief is unavailable because Defendant is a retailer that does not manufacture, label, or package the Products at issue and thus cannot implement any injunctive terms directed at their labeling or packaging. Any claim premised on the San Diego municipal ordinance further cannot support a statewide class because that ordinance applies only within the City of San Diego and has no application to the purchases of the overwhelming majority of putative class members.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Liability for Third-Party Product Labeling)**

Plaintiff's claims are barred, in whole or in part, because Defendant is a retailer that does not manufacture, label, or package the branded, third-party Products at issue, and did not participate in or exercise control over the labeling, packaging, or advertising practices Plaintiff challenges.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Compliance with Retailer Obligations Under the CRV Law)**

Plaintiff's claims premised on the California Redemption Value are barred because the California Beverage Container Recycling and Litter Reduction Act assigns beverage-container labeling and registration duties to beverage manufacturers, not retailers. *See* Cal. Pub. Res. Code § 14561(a). Defendant satisfied all obligations applicable to a retailer, including charging the applicable statutory CRV amount and separately identifying it, *see* Cal. Pub. Res. Code § 14560.5(c), and was required to collect the CRV on beverage containers subject to the program.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Private Right of Action or Consumer Remedy)**

Plaintiff's claims arising from the sale of the polystyrene foam cooler are barred because the statutes and ordinance on which they depend — including the Plastic Pollution Prevention and Packaging Producer Responsibility Act (Senate Bill 54) and the San Diego municipal ordinance governing single-use plastics — provide no private right of action and no consumer remedy.

/ / /

/ / /

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Lack of Standing / No Economic Injury)**

Plaintiff lacks standing because she received the benefit of her bargain and suffered no economic injury caused by any act or omission of Defendant. Plaintiff received the Products she paid for, suffered no injury, and was not deprived of any benefit. Further, Plaintiff lacks standing to the extent that Plaintiff did not personally purchase the Products.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Failure to Put Defendant on Notice)**

Plaintiff purports to assert claims arising out of Defendant's alleged sale and/or distribution of the Products. The FAC, however, defines the Products at issue only in vague, overbroad, generic, and conclusory terms, and nowhere identifies with reasonable particularity the specific product or products that Plaintiff allegedly purchased and upon which Plaintiff's claims are based. The FAC therefore fails to apprise Defendant of the nature, basis, and scope of the claims asserted against it, deprives Defendant of the fair notice to which it is entitled, and leaves Defendant unable to ascertain which of products, if any, are at issue, to investigate the allegations and to assert applicable defenses.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant hereby reserves the right to amend its answer to raise additional affirmative defenses as they become available or apparent to it through discovery in this matter or otherwise.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That the FAC, and the cause(s) of action alleged therein, be dismissed with prejudice and that Plaintiff take nothing by this action;
2. That the Court deny certification of any class;
3. That judgment be entered in favor of Defendant;
4. For costs of suit, including attorneys' fees, incurred herein; and
5. For such other and further relief as the Court may deem just and proper.

Dated: September 18, 2026

GREENBERG TRAURIG LLP

By: ______________________________

Willis M. Wagner
Sean Newland
Rocco Pallin

Attorneys for Defendant
BEVMO! INC.

Christina Quinn vs. BevMo! Inc., et al.
San Diego County Superior Court Case No. 25CU057641C

## DECLARATION OF SERVICE

I am a citizen of the United States, over the age of 18 years, and not a party to or interested in this action. I am employed in the County of Sacramento, State of California and my business address is Greenberg Traurig, LLP, 400 Capitol Mall, Suite 2400, Sacramento, CA 95814. On this day, I caused to be served the following document(s):

**DEFENDANT BEVMO! INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF CHRISTINA QUINN'S FIRST AMENDED COMPLAINT**

By serving ☐ the original ☐ a true copy into sealed envelopes addressed and served as follows:

| | |
|---|---|
| Eric K. Yaeckel<br>Cody D. Archer<br>SULLIVAN & YAECKEL LAW GROUP, APC<br>2330 Third Avenue<br>San Diego, CA 92101<br>Telephone: (619) 702-6760<br>Facsimile: (619) 702-6761<br>yaeckel@sullivanlawgroupapc.com<br>cody@sullivanlawgroupapc.com<br>alex@sullivanlawgroupapc.com<br>katie@sullivanlawgroupapc.com | *Attorneys for Plaintiff*<br>***CHRISTINA QUINN*** |

☐ **BY MAIL**: I am familiar with this firm's practice whereby the mail, after being placed in a designated area, is given fully prepaid postage and is then deposited with the U.S. Postal Service at Sacramento, California, after the close of the day's business.

☐ **BY PERSONAL SERVICE**: I arranged to have said document(s) hand served.

☐ **BY OVERNIGHT COURIER**: I caused such envelope to be placed for collection and delivery in accordance with standard overnight delivery procedures for delivery the next business day.

☒ **BY ELECTRONIC TRANSMISSION**: By transmitting a true and a correct copy thereof attached to the electronic email address(es) as set forth above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 18, 2026, at Sacramento, California.

*Elias Tapia*
**Elias Tapia**